

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2009

# Tahiraj-Dauti v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tahiraj-Dauti v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1461.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1461

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1925
_____

ZAIM TAHIRAJ-DAUTI;
MERITA TAHIRAJ-MAMO,

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A76-821-259 & A76-821-263)
Immigration Judge: Honorable Roger Pauley

_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and ELLIS,[*] *District Judge*

(Filed: April 29, 2009)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Thomas Selby Ellis, III, Senior District Judge for the United States
District Court for the Eastern District of Virginia, sitting by designation.

HARDIMAN, *Circuit Judge*.

Zaim Tahiraj-Dauti and Merita Tahiraj-Mamo, husband and wife, petition for review of the orders of the Board of Immigration Appeals denying their requests for reversal of execution of deportation, which were treated as motions to reopen. We will deny their petitions for review.

I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here. We review the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324 (1992); *Sevoian v. Ashcroft*, 290 F.2d 166, 170-71 (3d Cir. 2002). Such motions are disfavored as a matter of law, and the alien who seeks to reopen bears a "heavy burden" of proof. *INS v. Abudu*, 485 U.S. 94, 110 (1988); *see also Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (holding that discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law).

A.

Tahiraj-Dauti was involuntarily removed from the United States on February 6, 2007. He filed a motion to reopen on February 9, 2007, in spite of a regulation which provides:

> a motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a

2

person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

8 C.F.R. § 1003.2(d). Finding § 1003.2(d) a complete bar to Tahiraj-Dauti's motion to reopen, the BIA deemed the motion withdrawn consistent with the language of the regulation. In an effort to avoid the absolute bar of § 1003.2(d), Tahiraj-Dauti argues that the manner in which he was removed from the United States violated his constitutional right to due process and should negate the fact that he was not present in the country at the time his motion to reopen was denied.[1] We need not address this issue because the regulation draws no distinction between voluntary and involuntary departures, and commands that "[a]ny departure . . . shall constitute a withdrawal of such motion." 8 C.F.R. § 1003.2(d).

## B.

Tahiraj-Mamo was still present in the country at the time her motion to reopen was denied, and thus she was not barred by 8 C.F.R. § 1003.2(d). Nevertheless, her petition is entirely derivative of her husband's claim. Because Tahiraj-Dauti's claim fails, so too must Tahiraj-Mamo's petition for review be denied. *See, e.g.*, *Khourassany v. INS*, 208

---

[1]Tahiraj-Dauti correctly notes that had he been present in the United States, his approved I-140 petition could have allowed the BIA to reopen his case and adjust his status. Unfortunately for Tahiraj-Dauti, the timing of his motion is a complete bar to this claim.

F.3d 1096, 1100 (9th Cir. 2000) (holding that if the predicate petition fails, any derivative action must fail).

## C.

Finally, Petitioners argue that they were prevented from fully developing their claims before the BIA. But Tahiraj-Dauti does not cite any evidence which would vitiate the application of 8 C.F.R. § 1003.2(d), which we have held is a bar to his motion to reopen. Nor has Tahiraj-Mamo cited any evidence that her motion to reopen was not derivative of her husband's motion. Accordingly, we hold that Petitioners are not entitled to relief on this ground.

For the foregoing reasons, we will deny the petitions for review.